IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02562-BNB

CHARLES LEE KETTERING,

    Plaintiff,

v.

CAPTIAN [sic] SERBO, Kosher Kitchen DWCF,
LIEUTENANT LANE, Kosher Kitchen DWCF,
CO BIRD, Cell House 3 DRDC,
CO ROBERTS, Cell House 3 DRDC,
CO. SCOTT, CELL House 3 DRDC,
LT. CHAVEZ,
LT. SOLOMON, DRDC Hearing Officer, From Writ No Due Process,
LT. MEEHAN, DRDC,
TIFFINY MESTAS,
CASE MANAGER CAMPBELL,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 16 2008

GREGORY C. LANGHAM
                      CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Charles Lee Kettering, alleges that he was paroled on November 20, 2008, and that he resided at what appeared to be a private residence in Fort Collins, Colorado, when he filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He since has notified the Court that he resides at the Catholic Charities Shelter in Fort Collins. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Kettering is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kettering will be ordered to file an amended complaint.

The Court has reviewed Mr. Kettering's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kettering asserts three claims against correctional officers at the Denver Reception and Diagnostic Center, despite the fact that he sometimes erroneously uses

2

the acronym "DWCF," referring to the Denver Women's Correctional Facility, when he apparently means to refer to the "DRDC." Mr. Kettering's complaint is confusing, vague, and verbose. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In addition, the complaint violates D.C.COLO.LCivR 10.1C. because Mr. Kettering fails to leave margins that are one and a half inches at the top and one inch at the left, right, and bottom. By opting instead to write to the edges of the paper on the form provided, Mr. Kettering increases the likelihood that words will be truncated when the documents he files are scanned and docketed through the Court's electronic case filing system and, ultimately, that his claims will not be understood. The clerk of the Court will be directed to mail to Mr. Kettering, together with a copy of this order, a copy of D.C.COLO.LCivR 10.1.

Rather than summarizing each claim succinctly, Mr. Kettering apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. It is Mr. Kettering's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Kettering must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. To state a claim in federal court, Mr. Kettering's amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Kettering also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Kettering must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Kettering should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that the clerk of the Court will be directed to mail to Mr. Kettering, at his new address, together with a copy of this order, a copy of D.C.COLO.LCivR 10.1C. It is

FURTHER ORDERED that Mr. Kettering file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and with D.C.COLO.LCivR 10.1C. as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kettering, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Kettering fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02562-BNB

Catholic Charities Shelter
c/o Charles Lee Kettering
460 Linden Drive
Fort Collins, CO 80524

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 12/16/08

                                     GREGORY C. LANGHAM, CLERK

                                     By: _____
                                             Deputy Clerk